Cabell, P.
delivered the opinion of the Court:
The bond sued on, in this case, was the official bond of a sheriff, executed according to law, in the penalty of 30,000 dollars, and made payable to Thomas W. Gilmer, governor of the commonwealth, and his successors in office ; with a condition, however, for his collecting all officers’ fees and dues put into his hands, and accounting for and paying the same to the officers to whom they are due, &c.; and for executing and returning all process and precepts to him directed, and for paying and satisfying all sums of money and tobacco by him received, by virtue of any such process, to the person or persons to whom the same are due.
*176 The law directs, (1 Rev. Code 279,) that any person injured by a breach of such bond, may, in the name of the governor or his successors, but at his own costs and charges, commence ana prosecute suits on such bond, aSa^nst parties therein bound, and shall recover all damages which he may have sustained by the breach of the condition of the bond; “ provided, always, that if any verdict or judgment shall pass for such sheriff or his security, the person at whose instance such suit shall be brought or prosecuted, shall pay such sheriff or his security their costs.”
The suit in this case was brought in the name of “ Thomas W. Gilmer, late governor of the commonwealth of Virginia,” at the instance of Bryan the appellant, against the sheriff of Mason county and his sureties, for permitting the escape of Bryan’s debtor, taken under a capias ad satisfaciendum. The defendants demurred to the declaration, on the sole ground, it is believed, that the action ought to have been brought in the name of the then governor, successor of Gilmer, and not in the name of Gilmer, late governor.
This point has not heretofore, so far as we perceive, been submitted to the consideration of the Court. But cases have frequently occurred where suits were brought on such bonds, in the name of the governors to whom they were made payable, but which suits were not decided until many years after the persons to whom the bonds were made payable, had long ceased to be governors ; and yet there is no instance in which such suits have been revived in the names of the succeeding governors. It would seem upon general principles, that if it were necessary for the action to be brought in the name of the governor, existing at the time of the suit instituted, it would be equally necessary that, in case of his death or going out of office, the suit should be revived and carried on in the name of the successor. But, as just observed, this has never been done.
*177 It is obvious that neither the governor, to whom the bond was made payable, nor any of his successors in office, had any interest whatever in the suit commenced thereon. They were neither to pay, nor to receive any thing. They are plaintiffs in name, but in name only. The relator, the person at whose instance the suit is brought, is the real plaintiff. He pays all the costs, and he receives every thing that may be recovered; and it cannot be a matter of any kind of consequence to the defendant, whether the suit be brought in the name of the governor, to whom the bond was made payable, or in the name of his successor.
The Court is therefore of opinion, that there was no error in bringing the suit in the name of the late governor, to whom the bond was made payable, and consequently, that the Court below erred in sustaining the demurrer of the defendant to the plaintiff’s declaration. The judgment is therefore reversed; the demurrer overruled, and the cause remanded, &c.
It is proper to state that we do not mean to impugn the authority of the case of Horton &c. v. Haymond &c. 6 Munf. 399. That was the case of a bond executed to overseers of the poor. The suit was many years afterwards brought, in the name of the persons to whom the bond was taken, without stating that they were overseers of the poor, at the time of the institution of the suit: a fact indispensably necessary to the support of the action; since none but the overseers to whom the bond was given, or their successors, had any right to sue for a breach of the bond; they being the only persons entitled to receive the money sought to be recovered.